NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN CATOGGIO,<br><br>Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION 25, *et al.*,<br><br>Defendants. | Civil Action No. 18-17120 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Steven Catoggio's Motion to Remand this action to the Superior Court of New Jersey, Passaic County, and for Attorney's Fees. (ECF No. 8). Defendants Sheet Metal Workers International Association, Local Union 25 ("Union"), Alliance Industries, LLC ("Alliance"), and Joint Apprenticeship and Training Committee of the Sheet Metal Worker's Local Union 25 ("JATC") filed opposition, and Plaintiff replied thereto. (ECF Nos. 10, 16, 18). Defendants also filed a sur-reply. (ECF No. 19). The Court decides this matter based on the papers and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed herein, the Court grants Plaintiff's Motion to the extent that it seeks to remand this case to State Court, but denies Plaintiff's Motion to the extent that it seeks attorney's fees.

I. **BACKGROUND**

This matter was previously before the Court and was remanded to the Superior Court of New Jersey, Passaic County. (Docket No. 17-11674, ECF Nos. 26–28). For reasons that will be

explained in more detail below, the initial proceedings before this Court are relevant to the current determination of Plaintiff's Motion. Additionally, the Court has already addressed the underlying facts and procedural history of this case and writes for the parties who are familiar with same. *See Catoggio v. Sheet Metal Workers Int'l Ass'n, Local 25, AFL-CIO*, No. 17-11674, 2018 WL 4380997, at *1–3 (D.N.J. Sep. 13, 2018) (providing facts of the case). Therefore, the Court will only address the facts and procedural history in as much as they are necessary to resolve Plaintiff's Motion.

Plaintiff was employed as an apprentice with Defendants Alliance and Union "in the field of sheet-metal work." (ECF No. 1-1 ("FAC") ¶ 1). The apprenticeship program was administered through Defendant JATC, which was created by Defendant Union and the Sheet Metal Employer's International Association. (FAC ¶ 4). Plaintiff claims that he sustained a work-related injury that caused him to lose several toes and to receive workers' compensation. (FAC ¶¶ 16–19). On August 17, 2016, Plaintiff was terminated from the apprenticeship program by way of a letter sent by Defendant JATC. (FAC ¶ 35). According to Plaintiff, the majority owner of Defendant Alliance was a board member of Defendant JATC at the time of Plaintiff's termination. (FAC ¶ 26).

In both the Original and Amended Complaints, Plaintiff alleged that Defendants Alliance and Union discriminated against, harassed, and terminated Plaintiff because he: (1) sought workers' compensation after sustaining the above mentioned work-related injury; (2) was disabled due to said work-related injury; and (3) reported Defendants Alliance and Union's supposedly unlawful practice of (a) employing non-union employees to perform work that required union membership and (b) retaliating against employees who requested workers' compensation. (*See* FAC ¶¶ 38–86; *see also* Docket No. 17-11674, ECF No. 1-1 ¶¶ 37–85 (alleging same)).

Accordingly, on or around August 11, 2017, Plaintiff brought his Original Complaint in the Superior Court of New Jersey, Passaic County. (*See generally* Docket No. 17-11674, ECF No. 1). In his Original Complaint, Plaintiff alleged the following causes of action against Defendants Union and Alliance: (1) Workers' Compensation-Based Discrimination under the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-39.1 ("NJWCA"); (2) Disability-Based Discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5(q) ("NJLAD"); (3) Failure to Provide Reasonable Accommodations under NJLAD and N.J.A.C. 13:13-2.5(b); (4) Retaliation under NJLAD; (5) Violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 ("NJCEPA"); (6) Violation of Public Policy pursuant to *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (1980) ("New Jersey *Pierce* claim"); and (7) Intentional Infliction of Emotional Distress ("IIED"). (Docket No. 17-11674, ECF No. 1-1 ¶¶ 37–85). Plaintiff sought among other things lost wages as well as compensatory and punitive damages. (*See generally* ECF No. 1-1). Defendant JATC was not named as a defendant in the Original Complaint. (*See generally* Docket No. 17-11674, ECF No. 1-1).

On or around November 15, 2017, Defendants Alliance and Union removed Plaintiff's Original Complaint to this Court and claimed that Plaintiff's causes of action were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), because: (1) Defendant JATC, which provided the apprenticeship program, was an ERISA-governed plan; and (2) Plaintiff was seeking to recover the benefits of participating in said ERISA-governed plan. (*See* Docket No. 17-11674, ECF No. 1 ¶¶ 6–37). Defendants Alliance and Union also moved to add Defendant JATC as a defendant in the original matter. (Docket No. 17-11674, ECF No. 15). Plaintiff subsequently moved for remand, and Defendants Alliance and Union raised in opposition the same argument as the one raised in their notice of removal, *i.e.*, that

Plaintiff's causes of action were completely preempted by ERISA because the apprenticeship program was provided through Defendant JATC. (Docket No. 17-11674, ECF No. 17; ECF No. 20 at 6).

On September 13, 2018, this Court granted Plaintiff's Motion to Remand after finding that "Plaintiff's request for damages is strictly associated with the discriminatory and retaliatory conduct engaged in by Defendants, and appears to be separate from recovering, enforcing, or clarifying benefits under an ERISA plan." *Catoggio*, 2018 WL 4380997, at *4. The Court further held that, even if "Plaintiff could have *potentially* brought this case under ERISA," Plaintiff's New Jersey state law claims were actionable independent "of the existence of an ERISA plan." *Id.* Accordingly, the Court remanded this action to the Superior Court of New Jersey, Passaic County, and administratively terminated Defendants Alliance and Union's Motion to Join Defendant JATC as a party without prejudice to be refiled in state court. (Docket No. 17-11674, ECF No. 27).

Once in state court, Plaintiff amended his Complaint and added Defendant JATC as a party. (*See* ECF No. 1 ¶ 1). The allegations and causes of action in Plaintiff's Amended Complaint are nearly identical to those in Plaintiff's Original Complaint, with the clearest difference being that Plaintiff now alleges the causes of action in the Amended Complaint against Defendant JATC in addition to Defendants Alliance and Union. (*See* FAC ¶¶ 38–86). In his Amended Complaint, Plaintiff is seeking compensatory, consequential, and punitive damages as well as attorney's fees. (*See generally* FAC). Defendant JATC removed the action to this Court, and raised the same argument previously asserted by Defendants Alliance and Union. (*See* ECF No. 1). Specifically, Defendant JATC argued that ERISA completely preempted Plaintiff's causes of action because Defendant JATC was an ERISA-governed program and Plaintiff sought the benefits from

4

Defendant JATC's apprenticeship program. (*Id.* ¶¶ 9–35). Plaintiff now moves to remand the Amended Complaint.

## II. ARGUMENTS & ANALYSIS

### A. ERISA Preemption

#### 1. Legal Standard

Defendants removed this case pursuant to the Court's federal question jurisdiction. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," pursuant to the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "well-pleaded complaint rule" establishes that federal courts do not have original jurisdiction over cases where the complaint sets forth a state law cause of action, even if a defendant could raise a federal defense. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–11 (1983). Therefore, a plaintiff's complaint must establish that the case arises from federal law. *See id.* at 10; *cf. Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004) (holding that removal from State Court was improper because the plaintiff's complaint did not present a federal question).

Here, Plaintiff's claims do not arise under federal law, but rather each of Plaintiff's seven causes of action are brought pursuant to New Jersey state law. Specifically, Plaintiff has asserted the following claims based exclusively on state law: violations of the NJWCA; disability-based discrimination, retaliation, and failure to provide accommodations in violation of NJLAD; violation of NJCEPA; violation of public policy through a New Jersey *Pierce* claim; and IIED. (FAC ¶¶ 38–86). All of Plaintiff's claims relate to Defendants' discrimination and retaliation against Plaintiff, and do not specifically reference ERISA or any other federal law. Therefore, a strict application of the "well-pleaded complaint rule" would preclude federal jurisdiction over this

matter, because the complaint raises no federal claims on its face. *See Franchise Tax Bd.*, 463 U.S. at 13.

However, complete preemption under ERISA is an exception to the "well-pleaded complaint rule." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (2007). Specifically, a state law cause of action is completely preempted by ERISA "only if: (1) the plaintiff could have brought the claim under [ERISA]; and (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (citations omitted). As to the first element of complete preemption, an ERISA-based claim can be brought by a "participant or beneficiary" of an ERISA-governed benefits plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As to the second element, a legal duty is independent when "it is not based on an obligation under an ERISA plan." *N.J. Carpenters & the Trs. Thereof*, 760 F.3d at 303 (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)).

2. Application

In this action, Defendants repeat their previous argument that Plaintiff's claims are completely preempted by ERISA because: (1) Defendant JATC is an ERISA-governed plan; and (2) Plaintiff is allegedly seeking the benefits of Defendant JATC's apprenticeship program. (ECF No. 16 at 6). However, as this Court already determined when it originally remanded this case to state court, "Plaintiff's request for damages *is strictly associated with the discriminatory and retaliatory conduct engaged in by Defendants*, and appears to be separate from recovering, enforcing, or clarifying benefits under an ERISA plan." *Catoggio*, 2018 WL 4380997, at *4 (emphasis added). Specifically, Plaintiff is seeking punitive and compensatory damages for the

6

employment and emotional harms he purportedly sustained by Defendants' allegedly discriminatory and retaliatory conduct. (*See* FAC at p. 9, 11, 12, 14, 15, 16). The fact that Defendant JATC is an ERISA-governed plan without more does not convince the Court that Plaintiff is seeking to recover benefits or enforce his rights under an ERISA-governed plan. Rather, because Plaintiff is seeking damages for discrimination and retaliation allegedly committed by Defendants in violation of New Jersey state law, the Court again concludes that Plaintiff could not have brought this case under ERISA.

The Court further reiterates its original conclusion that Plaintiff has an independent legal basis for his claims even if this case could have been brought under ERISA, because said claims "are actionable irrespective of the existence of an ERISA benefits plan." *Catoggio*, 2018 WL 4380997, at *5. In his Amended Complaint, Plaintiff alleges that he was terminated by Defendants in retaliation for Plaintiff: (1) reporting their unlawful practice of assigning union-required work to non-union employees; and (2) seeking workers' compensation benefits after sustaining an injury. (FAC ¶¶ 61–73). Plaintiff also alleges that Defendants discriminated against him when they terminated his apprenticeship based on his injury-related disability. (FAC ¶¶ 45–53). According to Plaintiff, Defendants acted with the intent to retaliate and discriminate against Plaintiff, and Plaintiff suffered damages as a result, including severe emotional distress. (FAC ¶¶ 79–85). Finally, Plaintiff alleges that Defendants' conduct was contrary to New Jersey public policy. (FAC ¶¶ 74–78). As the Court already concluded in its prior Opinion, "these allegations give rise to the above mentioned New Jersey state law claims regardless of the existence of an ERISA plan." *Catoggio*, 2018 WL 4380997, at *4.

Defendants do not point to any new information that would change the Court's original conclusion. Rather, Defendants merely rely on the same argument that was already considered

and rejected by this Court when it initially remanded this action to state court, *i.e.*, that Defendant JATC is an ERISA-governed plan. (*See generally* ECF Nos. 1, 10, 16, 19; *see also* Docket No. 11674, ECF Nos. 1, 14, 20 (raising the same argument)). Accordingly, the Court again concludes that Plaintiff's claims are not preempted by ERISA and shall grant Plaintiff's Motion to Remand.

**B. Attorney's Fees**

Plaintiff also requests attorney's fees pursuant to 28 U.S.C. § 1447(c). (ECF No. 8-2 at 19). Section 1447(c) provides: "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). The Supreme Court, however, has established that

> the standard for awarding fees [under 28 U.S.C. § 1447(c)] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In removing this case for the second time, Defendants assumed that this Court's "Opinion on the remand motion relied on the fact that Plaintiff's [O]riginal Complaint had not sued [Defendant] JATC." (ECF No. 1 ¶ 11). This assumption was incorrect, as the Court in no way indicated that its determination of Plaintiff's Motion to Remand would be affected by adding Defendant JATC as a party. In fact, as shown in the above section, the addition of Defendant JATC did not affect the Court's determination.

Nevertheless, the Court will not go so far as to conclude that Defendants did not have any objectively reasonable basis to seek removal. As Defendants correctly point out, courts in the

8

Third Circuit have held that the addition of a new party, such as Defendant JATC, can provide that new party with "an independent right to remove this case because [it] was not party to the suit when the Court previously remanded it." *K.S. v. Sch. Dist. of Phila.*, No. 05-4916, 2005 WL 3150253, at *3 (E.D. Pa. Nov. 22, 2005). In light of Defendants' reliance on this standard, the Court finds that it was reasonable for Defendants to believe they were entitled to a second removal based on the addition of Defendant JATC as a new party, even though the Court will ultimately remand this case to State Court. Accordingly, the Court shall deny Plaintiff's request for attorney's fees.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby grants Plaintiff's Motion to the extent it seeks to remand this case to Superior Court of New Jersey, Passaic County, but denies Plaintiff's Motion to the extent that it seeks attorney's fees. An appropriate Order follows this Opinion.

Dated: March 5th, 2019.

JOSE L. LINARES
Chief Judge, United States District Court